UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JUAN PABLO A.O.,

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX,

Respondent.

No. 1:26-cv-08074-MKD

A# 241-791-793

ORDER GRANTING PETITION FOR HABEAS CORPUS AND REQUIRING BOND HEARING

**ECF No. 2**

Petitioner, an immigration detainee at Central Valley Annex proceeding *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. He entered the United States in 2022, *id.* at 2, and Respondent acknowledges that immigration authorities previously released him into the United States that year, ECF No. 7 at 1.

Petitioner alleges that ICE arrested him at a scheduled check-in in Miramar, Florida, in August 2026. ECF No. 1 at 2. His Form I-213 reports no known criminal history. ECF No. 7-1 at 2. Petitioner alleges that he has not received a bond hearing and requests release or, alternatively, a hearing at which Respondent must justify his continued detention. ECF No. 1 at 2-3.

Under *Rodriguez Vazquez v. Bostock*, noncitizens present without admission who are apprehended in the interior of the United States "are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." 183 F.4th 1160, 1165 (9th Cir. 2026). Respondent acknowledges that this decision governs Petitioner's detention and that he is entitled to a custody redetermination hearing before an immigration judge. ECF No. 7 at 1. Under these circumstances, the appropriate remedy is a bond hearing at which Respondent bears the burden of establishing, by clear and convincing evidence, that Petitioner poses a flight risk or danger to the community sufficient to justify continued detention. *See, e.g.*, *Barrantes Montiel v. Warden*, No. 1:26-cv-07175 (E.D. Cal. Sept. 17, 2026), ECF No. 8 at 3.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Petition for Writ of Habeas Corpus, **ECF No. 1**, is **GRANTED**, as set forth below.

2. **Within ten days of this Order**, unless Petitioner requests a later date, Respondent **SHALL** provide Petitioner an individualized bond hearing before an immigration judge under 8 U.S.C. § 1226(a). At that hearing, "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community" to justify detention without bond. *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011).

3. In determining conditions of release and setting any bond, the immigration judge **SHALL** consider Petitioner's financial circumstances and alternative conditions of release. *See Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

4. Respondent **SHALL** provide Petitioner at least 72 hours' written notice of the hearing in a language he understands. Petitioner **SHALL** be permitted to appear and be represented by counsel. Any counsel appearing on his behalf **SHALL** also receive at least 72 hours' notice.

5. Respondent **SHALL** provide a copy of this Order to the immigration judge presiding over the bond hearing and arrange for the hearing to be recorded.

6. If Respondent does not provide the required hearing within ten days, absent an extension requested by Petitioner, Respondent **SHALL** immediately release him.

7. Petitioner's Motion for Temporary Restraining Order, **ECF No. 2**, is **DENIED as moot**.

8. The Clerk of Court is directed to serve Central Valley Annex in McFarland, California, with a copy of this Order.

**IT IS SO ORDERED.** The Clerk of Court shall enter judgment for Petitioner and **CLOSE** this case.

DATED October 8, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE